UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERMAN,[1]<br><br>        Defendant. | No.  2:18-cv-3130 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's application to proceed in forma pauperis.  In addition, plaintiff will be given an opportunity to amend the complaint.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (See ECF No. 2).  Accordingly, the request to proceed in forma pauperis will be granted.

---

[1]  Although plaintiff lists defendant's last name as "Kerman," (see ECF No. 1 at 1), the court believes this is a misspelling and that the correct spelling should be "Kernan."  Therefore, the Clerk of Court shall be directed to change the spelling on the case caption of the docket accordingly.

1

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
2    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
3    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
4    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
5    forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of
6    twenty percent of the preceding month's income credited to plaintiff's prison trust account.
7    These payments will be forwarded by the appropriate agency to the Clerk of Court each time the
8    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
9    1915(b)(2).

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

2

1 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

2 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

3 McKeithen, 395 U.S. 411, 421 (1969).

4 **III.   PLEADING STANDARD**

5     **A.   Generally**

6 Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

7 immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

8 Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

9 of substantive rights, but merely provides a method for vindicating federal rights conferred

10 elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

11 To state a claim under Section 1983, a plaintiff must allege two essential elements: (1)

12 that a right secured by the Constitution or laws of the United States was violated and (2) that the

13 alleged violation was committed by a person acting under the color of state law. See West v.

14 Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

15 A complaint must contain "a short and plain statement of the claim showing that the

16 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

17 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

19 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

20 matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial

21 plausibility demands more than the mere possibility that a defendant committed misconduct and,

22 while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

23     **B.   Linkage Requirement**

24 Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

25 that each defendant personally participated in the deprivation of his rights. See Jones v.

26 Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between

27 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

28 ////

1  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor
2  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3        Government officials may not be held liable for the actions of their subordinates under a
4  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
5  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious
6  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
7  violated the Constitution through his own individual actions by linking each named defendant
8  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
9  Iqbal, 556 U.S. at 676.

10  **IV.   PLAINTIFF'S COMPLAINT**
11      **A.   Plaintiff's Claims**
12        Plaintiff, an inmate who was housed at California State Prison – Sacramento ("CSP-
13  Sacramento") at the time he filed the instant action[2] has named "Scott Kernan et al." as
14  defendants.  (See ECF No. 1 at 1).  He states that defendant Kernan is the Secretary of the
15  California Department of Corrections and Rehabilitation ("CDCR").  (See id. at 1).  The
16  complaint identifies no other defendants.  (See generally id.).

17        Plaintiff asserts that his rights under the Eighth and Fourteenth Amendment were violated
18  when "defendants willfully, deliberately [sic] denied [him his] right to be protected" when
19  supervisors and defendant Kernan implemented the use of "undesignated EOP[3] yards."  As a
20  result, he was forced to program with "GP" or general population[4] inmates.  Plaintiff further
21  contends that the CDCR is forcing EOP inmates to choose between health care and safety, which
22  also violates his rights to due process.  (See ECF No. 1 at 3) (brackets added).  Plaintiff asserts

23

---

24  [2] Plaintiff is now housed at California Correctional Institution.  (See ECF No. 7).  As a result, to
25  the extent plaintiff seeks injunctive relief against ongoing actions – if any – taken at CSP-
Sacramento (see generally ECF No. 1 at 6), such relief cannot be awarded.
26  [3] Plaintiff's handwriting is unclear.  The court believes that "EOP" is what plaintiff has written
throughout the pleading.  If this is not the case, plaintiff should inform the court of this in any
27  amended complaint he may file.
[4] The court assumes that "GP" means "general population."  If this is incorrect, plaintiff must
28  inform the court in any amended complaint he may file.

that as a result of this policy, he has been hurt in two cell fights with general population inmates, and he is in continuous danger of being harmed.  (See id.).

### B. Relief Requested

Plaintiff requests that the CDCR be enjoined from mixing general population yards.  He sues defendants in both their individual and official capacities.  (See ECF No. 1 at 6).  Plaintiff also asks for declaratory damages as well as $25,000.00 in punitive and nominal damages.  (See id.).

## V. APPLICABLE LAW:  RIGHT TO PERSONAL SECURITY

The right to personal security is a "historic liberty interest" that is protected substantively by the Due Process Clause.  Youngberg v. Romero, 457 U.S. 307, 315 (1982) (citing Ingraham v. Wright, 430 U.S. 651, 673 (1977)).  The right is not extinguished by lawful confinement, even for penal purposes.  Youngberg, 457 U.S. at 315.  On the contrary, prison officials must take reasonable measures to guarantee the safety of inmates.  See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).

A prison official can be liable for failing to protect inmates only if:  (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of that risk but deliberately ignores it.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  A single, isolated incident does not amount to an "excessive" or "substantial" risk to inmate safety.  See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding shackling dangerous inmate in shower does not create sufficiently unsafe condition even if inmate might fall; slippery prison floors do not state arguable claim for cruel and unusual punishment).  Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it.  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013).

## VI. DISCUSSION

### A. Violations of State Law

Plaintiff's Eighth Amendment personal safety claim, as currently written, fails to state a claim upon which relief may be granted for several reasons. To the extent plaintiff is arguing that

the CDCR policy of placing EOP inmates in the general population is improper, he is ultimately challenging the state's implementation of state and/or prison policy. Section 1983 permits civil action and relief for the violation of one's rights under the federal Constitution. See 42 U.S.C. § 1983.

Thus, a state's violation of its own laws does not create a cognizable federal claim. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted) (stating no Section 1983 liability for violation prison policy); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001). For this reason, if plaintiff was trying to contest either the construction or the application of the regulation in question, the claim is not cognizable, and it cannot be amended in a way that would fix this problem.

Therefore, plaintiff will not be granted leave to amend this claim.

**B.    Absence of Named Defendants and Personal Participation**

Next, plaintiff's naming of "Scott Kernan, et al." as defendants (see ECF No. 1 at 1) is insufficient. A viable Section 1983 claim must name specific defendants who can be linked to and/or who have personally participated in the harm plaintiff alleges. See Jones, 297 F.3d at 934; Ortez, 88 F.3d at 809. Here, plaintiff makes no claim that defendant Kernan either knew that plaintiff, an EOP inmate, would be at risk were he to be placed in the general prison population or that defendant Kernan played an active role in doing so. (See generally ECF No. 1).

Moreover, plaintiff's references throughout the complaint to unnamed defendants (see, e.g., ECF No. 1 at 1, 3) ("et al." and "defendants" references) are not sufficiently specific. Plaintiff appears to that there were specific prison officials who intentionally placed him in the prison's general population knowing that there was a significant possibility that plaintiff would be harmed. If this is correct, he must identify these defendants by name and state with specificity precisely what actions they took – or failed to take – that led to him being hurt on the two occasions he mentions in the pleading. (See id. at 3). To state a viable claim of denial of right to personal safety under the Eighth Amendment, plaintiff must remedy these deficiencies. He will be given an opportunity to do so in an amended complaint.

////

### C. Unsupported Due Process Argument

Finally, it is unclear precisely how forcing EOP inmates to "choose between health care and safety" violates plaintiff's rights to due process as plaintiff alleges. (See ECF No. 1 at 3). Thus, on its face, it fails to state a claim upon which relief may be granted. If plaintiff chooses to amend the complaint, he must provide more information to support this claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall change the spelling of the last name of the named defendant from "Kerman" to "Kernan" on the case caption of the docket;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

5. Within sixty days of the date of this order, plaintiff shall file an amended complaint. Failure to comply with this order within the time allotted may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110.

Dated: April 24, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/fiel3130.scrn

7